IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARRELL G. CLARK,
    Plaintiff,

vs.                                    Case No.: 3:07cv381/RV/EMT

MS. DeGREIF,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 13). Leave to proceed in forma pauperis has been granted (Doc. 8).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21,

2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that Plaintiff has failed to state a plausible claim for relief; therefore, dismissal of this action is warranted.

Plaintiff, an inmate of the Florida Department of Corrections, names Ms. DeGreif, a classification officer employed at Santa Rosa Correctional Institution (SRCI), as the sole Defendant in his second amended complaint (Doc. 13 at 1, 2). Plaintiff alleges that on July 27, 2007, he notified Defendant that a court hearing on a summary judgment motion was scheduled for August 1, 2007, before Judge Patricia A. Kinsey, at which Plaintiff was to appear telephonically (Doc. 13 at 5). Plaintiff states that Defendant DeGreif failed to facilitate Plaintiff's appearance, and as a result, Plaintiff was unable to present a defense, and judgment in the amount of $14,690.00 was entered against him (*id.* at 5). In support of his claim, Plaintiff submitted a copy of a court order issued on August 1, 2007, in State Farm Mutual Automobile Ins. Co. as Subrogee of William R. Christensen v. Darrell Glen Clark, Case No. 2005-CC-6468, Escambia County County Court (Doc. 1, attached Summary Judgment). The order, signed by County Court Judge Pat Kinsey, grants judgment in favor of State Farm and against Plaintiff in the amount of $14,690.56 (*id.*). Plaintiff states that if he had been permitted to attend the hearing, he would have presented argument showing that his defense was meritorious (Doc. 13 at 5–6). Plaintiff claims that his constitutional right to attend the court-ordered hearing was violated (*id.* at 7). As relief, Plaintiff seeks relief from the state court judgment and compensation for the mental pain and suffering he has experience as a result of Defendant's conduct (*id.*).

It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. Lewis, 518 U.S. at 350–51. The type of prejudice that is deficient in the

constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 353. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 354-55 (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendant's actions. Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445–46 (11th Cir. 1998). So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. Wilson, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit. Lewis, 581 U.S. at 353 n.3; Wilson,163 F.3d at 1291.

In the instant case, the facts submitted by Plaintiff establish that the nature of the litigation in which he was involved was not a criminal appeal or post-conviction matter, nor was it a civil rights action seeking to vindicate basic constitutional rights; rather, it was a small claims case brought by an automobile insurance company against Plaintiff. Because Plaintiff did not suffer the type of injury protected by the constitutional guarantee of access to the courts, as set forth in Lewis v. Casey, he has failed to state a claim on which relief may be granted.

Furthermore, Plaintiff is not entitled to the compensatory damages he seeks, as he does not allege that he has suffered physical harm as a result of the alleged constitutional deprivation. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999),

*reh'g en banc granted and opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, No. 3:96cv580/LAC/SMN, 2000 WL 297840, at *10–11 (N.D. Fla. 2000), *aff'd.* 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff does not allege physical injury arising from Defendant's failure to facilitate his appearance at the hearing. Because the PLRA forbids the litigation of Plaintiff's claim for compensatory damages while Plaintiff is imprisoned, the claim should be dismissed. To the extent Plaintiff seeks relief from the state court judgment, this court lacks jurisdiction to grant such relief, pursuant to the Rooker-Feldman doctrine.[1,2]

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 5th day of December 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]Federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. *See* District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311–12, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923).

[2]Relief may be available by filing a motion for relief from judgment in the state court. *See* Fla. Sm. Cl. R. 7.190(b).

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**